## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIE MARCELL-REED, | : | |
| | : | |
| Movant. | : | Misc. Action No. 19-132-LPS |
| | : | |
| In the Matters of | : | |
| | : | |
| | : | |
| OWENS CORNING FIBERBOARD | : | |
| ASBESTOS PERSONAL INJURY TRUST | : | (Civil Investigative Demand No. 18-611) |
| | : | |
| and | : | |
| | : | |
| ARMSTRONG WORLD INDUSTRIES | : | (Civil Investigative Demand No. 18-609) |
| PERSONAL INJURY SETTLEMENT | : | |
| TRUST. | : | |

## MEMORANDUM ORDER

At Wilmington this 12th day of February, 2021;

1.     On June 5, 2020, the Court entered an order for Movant to show cause, on or before June 30, 2020, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 17)   Plaintiff did not respond to the show cause order.

2.     Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court."   Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action.   *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3.     The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4.      Several factors warrant the sanction of dismissal including Movant's last action having occurred on August 19, 2019, when the Clerk's Office remailed an order that had been returned as undeliverable and Movant requesting that the order be remailed; Movant having failed to file a response to Respondents' December 16, 2019 motion to dismiss (D.I. 15, 16); Movant having failed to provide the Court with her current address; Movant having failed to file a response to the show cause order; Movant apparently having abandoned the case; and Movant's failure to prosecute the case.

THEREFORE, it is ordered that:

1.      Movant's motion to quash is **DENIED** as moot.   (D.I. 2)

2.      Respondent's motion to dismiss is **DENIED** as moot.   (D.I. 15)

3.      The Miscellaneous Action is **DISMISSED** without prejudice for Movant's failure to prosecute this case.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE